IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONNA L. FARALDI, Individually and as Executrix of the Estate of MICHAEL A. FARALDI,

    Plaintiffs,

    v.

DAVID MORSS, HAROLD ANDERSON, DRAGON AVIATION, INC., and ROBERT DUNCAN JEFFREY,

    Defendants.

No. C 13-0853 MMC

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

On February 25, 2013, Donna L. Faraldi, individually and as executrix of the Estate of Michael A. Faraldi, filed her complaint in the above-titled action against defendants David Morss ("Morss"), Harold Anderson ("Anderson"), Dragon Aviation, Inc. ("Dragon Aviation"), and Robert Duncan Jeffrey ("Jeffrey"). That same date and the following day, plaintiff filed, in the Middle District of Tennessee and the District of Oregon, respectively, essentially identical complaints against the same four defendants, alleging the same causes of action and seeking the same relief. See Faraldi v. Anderson, No. 13-0167, (M.D. Tenn. filed Feb. 25, 2013); Faraldi v. Jefferson, No. 13-0330 (D. Or. filed Feb. 26, 2013).

Where multiple federal district courts have concurrent subject matter jurisdiction over an action, "the general principle is to avoid duplicative litigation." See Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 817 (1976). Consistent therewith, "[t]here

is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).

In this instance, although the precise sequence of the above-referenced three filings cannot be determined from the record currently available to the Court, it would appear that all four defendants are subject to personal jurisdiction in Tennessee,[1] whereas it does not appear likely, at least from the allegations in the complaint, that this Court would have personal jurisdiction over any of the defendants other than Morss.[2]

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later than April 26, 2013, why the instant action should not be dismissed without prejudice to plaintiff's pursuing her claims in the Middle District of Tennessee.

**IT IS SO ORDERED.**

Dated: April 4, 2013

MAXINE M. CHESNEY
United States District Judge

---

[1] Defendant Anderson is alleged to be a citizen of Tennessee (see Compl. ¶ 13), defendant Dragon Aviation is alleged to have its principle place of business in Tennessee (see Compl. ¶ 14), and the acts giving rise to plaintiff's causes of action against defendants Morss and Jeffrey are alleged to have been committed in Tennessee (see Compl. ¶¶ 62-66, 123-30, 210-37).

[2] Defendant Morss is alleged to be a citizen of California (see Compl. ¶ 12), defendant Jeffrey is alleged to be a citizen of Oregon (see Compl. ¶ 15), the other two defendants, as noted, are alleged to be citizens of Tennessee, and no events giving rise to the instant action are alleged to have occurred in California.